JOHN R. ARRISON Et Al.

vs.

WM. A. COOK Et Al.

1. Where on a return to an application for mandamus against the Board of Registers of Election to compel the striking of certain names from the list of voters, it appears that the board has fully exercised the judgment and discretion entrusted to it by the law in determining the qualifications of applicants, and that the board is satisfied that the persons registered are residents of the District, and it does not appear that any fraud or corruption was practiced by the board, the Court will not go behind the answer to take proof whether the persons registered were voters.
2. The writ of mandamus will not be issued where it appears that to do so would be futile to obtain the object sought by the relator.

Law, No. 4831. Decided May 30, 1868.

APPLICATION for mandamus to compel the Board of Registers of Election to strike the names of certain alleged disqualified persons from the list of voters.

THE FACTS are sufficiently stated in the opinion.

MESSRS. TERRY and RIDDLE for relators.

MESSRS. COX and DAVIDGE for respondents.

MR. CHIEF JUSTICE CARTTER delivered the opinion of the Court:

The Court has come to the conclusion to refuse the application in this case for a writ of mandamus. We do not find that clear authority for the intervention of the writ that we would desire to find before granting it.

In the case made the fact is presented that five or six United States soldiers, taken from Russel barracks, are presented for registration in this city as voters of this city, and

in the relation they are charged as being non-residents, except so far as this is at present the place of their military habitation.

In reply to this relation it is said by a majority of the judges that to propounded questions they made satisfactory answers; and that among these questions was one as to whether they were citizens of this District. To that question they made an affirmative answer which, the judges say, was satisfactory to them. There is nothing in the case which shows that the judges acted in bad faith, or with any other purpose than to ascertain who were and who were not citizens of Washington; and the Court is enlightened only by this relation, and this answer, except so far as they are advised by the return of a minority of the judges, which, while we received it and permitted it to be placed upon file, we do not feel ourselves at liberty to regard it as overruling the return of a majority of the board. We feel that we are concluded by the answer of the majority. The question supervenes whether upon that simple issue the Court is sufficiently advised that it should grant the writ. We think not.

We have come to the conclusion that in the absence of any appearances of fraud or corruption on the part of the judges, or any conspiracy to impose upon the ballot box in the discharge of their duties, and where it appears, also, that those duties are to be exercised under the discretion and judgment of the board, which discretion and judgment has been fully exercised, we must leave the case to be determined alone upon the return and answer.

Another consideration has operated upon the mind of the Court in refusing this writ. To make a writ of mandamus effective it must have a remedy within its reach. It must be capable in its execution of redressing the wrong complained of. The Court is made aware of the fact that on Monday the election is to take place; that the work of reg-

istration has been closed. The mandate that would go forth from the Court would be that that board should reassemble to open its work of correcting the list. Under the law its reassembling is made to depend upon notice. No time remains to give that notice, and no time remains to give opportunity to correct the list; therefore, if the writ goes out, it will go out without the possibility of being executed.

These two considerations have prevailed on the majority of the Court, and brought us to the conclusion to deny the issuing of this writ without passing any judgment upon any other question involved.